PER CURIAM.
Luther Basse petitions[1] this court for a new appeal alleging multiple claims of ineffective assistance of appellate counsel. We deny his petition but write to address one of his claims.
Basse alleges that his appellate counsel was ineffective in failing to ensure that the appellate record was complete and accurate. Although we agree that under the circumstances of this case counsel erred in failing to ensure that the audio tape of Basse’s confession was included in the appellate record[2] and in filing his initial brief without having reviewed that tape, we conclude after considering Basse’s transcript of the tape that he was not prejudiced by counsel’s error. See, e.g., Thompson v. State, 759 So.2d 650 (Fla.2000) (holding that in order to prevail on a claim of ineffective assistance of appellate counsel on the basis that counsel failed to ensure that the appellate record was complete, petitioner must show not only that counsel erred but also that the deficiency in performance compromised the appellate procedure to such a degree as to undermine confidence in the result). Specifically we find that even if the facts are as alleged by Basse, rather than as alleged by counsel in his brief to this court,[3] the trial *13 court did not err in its denial of Basse’s motion to suppress his confession.
We do not, however, mean to suggest by the denial of this petition that we approve of counsel’s filing his initial brief based upon a record that was clearly incomplete in material regards. Under other circumstances, such error might well have required the granting of a new appeal.
We deny Basse’s other claims without comment.
Petition denied.
FULMER, A.C.J., and CASANUEVA and STRINGER, JJ„ Concur.

. We treat Basse's petition for writ of habeas corpus as a petition alleging ineffective assistance of appellate counsel pursuant to Florida Rule of Appellate Procedure 9.140(j).

. A transcript of the tape and the tape itself were made a part of the appellate record after briefing was complete.

.Basse alleges that in briefing his appeal counsel relied on an inaccurate out-of-court transcription of the tape rather than the tape itself which was considered by the trial court.